An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

PAMELA WILLDEN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE CYNTHIA N.
GIULIANI, DISTRICT JUDGE,
Respondents,
and
GREGG STACY,
Real Party in Interest.

No. 62410

**FILED**

FEB 20 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER GRANTING IN PART PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus or prohibition challenging a district court order denying a motion to dismiss a paternity action and ordering paternity testing.[1]

In the underlying case, real party in interest Gregg Stacy filed a proper person complaint seeking a determination of the paternity of a minor child, who is not a party to this petition and, based on the documents before this court, does not appear to have been properly made a party to the underlying action. Petitioner Pamela Willden, the child's

_____

[1]NRS 126.211 requires that "[a]ny hearing or trial held under [NRS Chapter 126] must be held in closed court without admittance of any person other than those necessary to the action or proceeding" and that "[a]ll papers and records, other than the final judgment, pertaining to the action or proceeding, . . . are subject to inspection only upon consent of the court and all interested persons, or in exceptional cases only upon an order of the court for good cause shown." To the extent that the district court has not already done so, we direct it to comply with these requirements by sealing the underlying case. NRS 126.211; see generally Nevada Rules for Sealing and Redacting Court Records.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-05248

mother, moved the district court to dismiss the complaint on other grounds and Stacy opposed that motion and moved for a paternity test to be conducted to determine the paternity of the minor child. The district court denied Willden's motion to dismiss and granted Stacy's motion for a paternity test. Willden subsequently filed this original writ petition in this court. It appears that, shortly after the petition was filed, the child at issue in this matter reached the age of majority.

When paternity is in dispute and an action to determine paternity is initiated, NRS 126.101(1) requires that the child whose parentage is at issue be made a party to the action and, "[i]f the child is a minor, the child must be represented by his or her general guardian or a guardian ad litem appointed by the court. The child's mother or father may not represent the child as a guardian or otherwise." Although Willden does not address the district court's compliance with NRS 126.101(1) in her petition, this court has previously declared that the "[f]ailure to join an indispensable party is fatal to a judgment and may be raised by an appellate court sua sponte." Schwob v. Hemsath, 98 Nev. 293, 294, 646 P.2d 1212 (1982); Johnson v. Johnson, 93 Nev. 655, 656, 572 P.2d 925, 926 (1977).

Here, the documents before this court do not indicate that the child was properly made a party to the underlying paternity dispute or that a general guardian or guardian ad litem was ever appointed to represent the then minor child in the underlying action. It appears that, in essence, the underlying action proceeded with the child's mother purporting to represent the interests of the child, in spite of the clear language of NRS 126.101(1) barring a mother or father from representing a child in such an action. Despite these apparent failures to comply with NRS 126.101(1)'s requirements, the district court ordered paternity

testing to determine whether Stacy was, in fact, the child's father. Under these circumstances, we conclude that the petition must be granted, in part, and that the district court's order denying the motion to dismiss and ordering paternity testing must be vacated. See NRS 34.160; International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (providing that a writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station). Thereafter, the district court must either dismiss the underlying paternity action or, if the child is properly joined, the court may conduct further proceedings. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its August 20, 2012, order and either dismiss the underlying action or, if proper joinder is accomplished, conduct further proceedings in accordance with this order.[2]

_____, C.J.
Pickering

_____, J.
Hardesty

_____, J.
Saitta

cc: Hon. Cynthia N. Giuliani, District Judge
    Las Vegas Litigation Firm
    Gregg Stacy
    Eighth District Court Clerk

---

[2]Under these circumstances, we need not address the arguments set forth in the petition. Additionally, as we conclude that mandamus constitutes the appropriate vehicle for addressing this necessary party issue, we deny petitioner's alternative request for a writ of prohibition.